# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Boston Scientific Corporation and Boston Scientific Scimed, Inc.,<br><br>Plaintiffs,<br><br>v.<br><br>Edwards Lifesciences Corporation,<br><br>Defendant. | Civil Action No. _____<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiffs Boston Scientific Corporation and Boston Scientific SciMed, Inc. (together, "Boston Scientific"), by their attorneys, hereby complains against Defendant Edwards Lifesciences Corporation ("Edwards") and alleges as follows:

## OVERVIEW OF THE ACTION

1. This is a patent infringement action arising from Edwards' infringement of Boston Scientific's U.S. Patent No. 8,992,608 (the "'608 patent") via the manufacture, use, sale, offer to sell, exportation, and/or importation, in whole or in part, of Edwards' Sapien 3 Transcatheter Heart Valve (the "Sapien 3").

## THE PARTIES

2. Plaintiff Boston Scientific Corporation ("BSC") is a corporation organized and existing under the laws of the State of Delaware and having a principal place of business at 300 Boston Scientific Way, Marlborough, Massachusetts 01752.

3. Boston Scientific Scimed, Inc. ("BSSI") is a corporation organized and existing under the laws of the State of Minnesota with a principal place of business at One Scimed Place, Maple Grove, Minnesota, 55311. BSSI is a wholly-owned subsidiary of BSC.

4. Upon information and belief, Defendant Edwards is a corporation organized and existing under the laws of the State of Delaware and having its principal place of business at One Edwards Way, Irvine, California 92614.

## JURISDICTION AND VENUE

5. This action arises under the Patent Laws of the United States, Title 35 of the United States Code.

6. This court had subject matter jurisdiction over the causes of action asserted herein pursuant to 28 U.S.C. §§ 1331, 1338(a) and 2201 *et seq*.

7. This court has personal jurisdiction over Edwards. On information and belief, Edwards is a resident of this judicial district, has systematic and continuous contacts in this judicial district, regularly transacts business within this district, and regularly avails itself of the benefits of this district. On information and belief, Edwards also sells and distributes products in this district, including the products accused of patent infringement herein. Upon information and belief, Edwards derives substantial revenues from sales in this district.

8. Venue is proper in this District under 28 U.S.C. §§ 1391(a), 1391(c), and 1400(b).

## COUNT 1: INFRINGEMENT OF U.S. PATENT NO. 8,992,608

9. Boston Scientific realleges paragraphs 1-8 above as if fully set forth herein.

10. The "'608 patent," entitled "Everting Heart Valve," is a valid, enforceable patent that was duly issued by the United States Patent and Trademark Office ("USPTO") on March 31,

2015 in full compliance with Title 35 of the United States Code. A true and correct copy of the '608 patent is attached as Exhibit A.

11. BSSI is the assignee of the '608 patent with ownership of all substantial rights in the '608 patent, including the right to exclude others and to enforce, sue and recover damages for past and future infringements. BSC is the exclusive licensee of the '608 patent.

12. Edwards has directly infringed, and continues to directly infringe, at least claims 1, 2, and 3 of the '608 patent in violation of 35 U.S.C. § 271(a) by, for example and without limitation, making, using, offering to sell, selling, and/or importing in and into the United States certain transcatheter heart valve products, including the Sapien 3.

13. Edwards has actively induced others to infringe at least claims 1, 2, and 3 of the '608 patent in violation of 35 U.S.C. § 271(b) by instructing others to use certain transcatheter heart valve products, including the Sapien 3. Edwards' active inducement includes, for example and without limitation, marketing, selling, and offering to sell the Sapien 3, providing instructions on how to use the Sapien 3, and promoting the use of the Sapien 3. On information and belief, Edwards has induced such infringement with the intent that one or more claims of the '608 patent be infringed.

14. Edwards has contributed to infringement by others of at least claims 1, 2, and 3 of the '608 patent in violation of 35 U.S.C. § 271(c) by selling the Sapien 3, which is a component of a patented apparatus and which constitutes a material part of the invention in at least claims 1, 2, and 3 of the '608 patent. Edwards has sold the Sapien 3 knowing the same to be especially made or especially adapted for use in an infringement of at least claims 1, 2, and 3 of the '608 patent, and that the Sapien 3 is not a staple article or commodity of commerce suitable for substantial noninfringing use.

15. In violation of 35 U.S.C. § 271(f)(1), Edwards has supplied and/or caused to be supplied in or from the United States, and it continues to supply and/or cause to be suppled in or from the United States, the Sapien 3 and/or components of the Sapien 3, which constitute all or a substantial portion of the components of the inventions claimed in the '608 patent, including without limitation the inventions in at least claims 1, 2, and 3 of the '608 patent, where such components are uncombined in whole or in part, and in such manner as to actively induce the combination of such components outside of the United States in a manner that would infringe at least claims 1, 2, and 3 of the '608 patent if such combination occurred within the United States.

16. In violation of 35 U.S.C. § 271(f)(2), Edwards has supplied and/or caused to be supplied in or from the United States, and it continues to supply and/or cause to be suppled in or from the United States, the Sapien 3 and/or components of the Sapien 3, (i) which are especially made or especially adapted for use in the inventions claimed in the '608 patent, including without limitation the inventions in at least claims 1, 2, and 3 of the '608 patent, (ii) which are not a staple article or commodity of commerce suitable for substantial noninfringing use, and (iii) where such component is uncombined in whole or in part, knowing that such component is so made or adapted and intending that such component will be combined outside of the United States in a manner that would infringe at least claims 1, 2, and 3 of the '608 patent if such combination occurred within the United States.

17. Edwards has had actual knowledge of the '608 patent prior to the filing of this Complaint. Edwards has continued to infringe at least claims 1, 2, and 3 of the '608 patent. Edwards' infringement is objectively reckless, knowing, deliberate, and willful.

18. Boston Scientific has been damaged as a result of Edwards' infringing conduct and is entitled to recover damages that adequately compensates it for Edwards' infringement,

which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## PRAYER FOR RELIEF

**WHEREFORE**, Boston Scientific respectfully requests the following relief:

A. The entry of a judgment in favor of Boston Scientific, and against Edwards, that Edwards has infringed, induced infringement, and contributed to infringement of one or more claims of the '608 patent and declaring that Edwards' importing, making, using, offering to sell, or selling the Sapien 3 in the United States are and would be acts of infringement of one or more claims of the '608 patent;

B. The entry of a judgment in favor of Boston Scientific, and against Edwards, that Edwards has willfully infringed one or more claims of the '608 patent;

C. The entry of a judgment in favor of Boston Scientific, and against Edwards, that Edwards and its officers, employees, agents, attorneys, affiliates, successors, assigns and others acting in privity or concert with it be preliminarily and permanently enjoined from making, using, offering to sell, and selling or inducing or contributing to others to make, use, offer to sell, or sell any product that infringes the '608 patent, including the Sapien 3 and from importing the same into the United States;

D. Entry of a judgment awarding Boston Scientific damages resulting from Edwards' infringement in an amount no less than a reasonable royalty, and that such amount be multiplied based on Edwards' willful infringement;

E. The entry of a judgment declaring that this is an exceptional case and awarding Boston Scientific its attorneys' fees in this matter pursuant to 35 U.S.C. § 285;

F.The entry of a judgment in favor of Boston Scientific, and against Edwards, that interest, costs, and expenses be awarded in favor of Boston Scientific; and

G.And that this court order such other relief as the Court may deem just and proper.

## JURY DEMAND

Boston Scientific hereby demands trial by jury in this action on all issues so triable.

DATED: April 19, 2016

*Of Counsel:*

Matthew M. Wolf
Edward Han
John E. Nilsson
Marc A. Cohn
**ARNOLD & PORTER LLP**
601 Massachusetts Ave., NW
Washington, DC 20001-3743
Telephone: (202) 942-5000

YOUNG CONAWAY STARGATT & TAYLOR LLP

*/s/ Karen L. Pascale*
_____
Karen L. Pascale (#2903)
Pilar G. Kraman (#5199)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
(302) 571-6600
kpascale@ycst.com
pkraman@ycst.com

*Attorneys for Defendants*
*Boston Scientific Corporation, and*
*Boston Scientific Scimed, Inc.*

01:18581302.1