**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

BOSTON SCIENTIFIC CORP., et al. )
)
      Plaintiffs, )
)
   v. )     Civil Action No. 16-275-SLR-SRF
)
EDWARDS LIFESCIENCES CORP., )
et al., )
)
      Defendants. )

## MEMORANDUM ORDER

At Wilmington this 27th day of December, 2016, the court having considered defendant

Edwards Lifesciences Corporation's ("Edwards") request to include Paragraph 7.5(b) in the

Protective Order (D.I. 53), IT IS HEREBY ORDERED that Edwards' request is DENIED for the

reasons set forth below:

    **1.**    **Background.** Plaintiffs initiated this action for patent infringement on April 19,

2016. (D.I. 1) The deadline for fact discovery is May 26, 2017. (D.I. 34) On October 5, 2016,

the parties submitted a joint motion for a teleconference to resolve a protective order dispute.

(D.I. 40) A teleconference was held on October 25, 2016. During the teleconference, parties

disputed portions of Section 2.13 regarding whether and under what circumstances foreign

counsel in non-U.S. counterpart litigation could obtain access to confidential materials covered

by the Protective Order. (D.I. 52)

    **2.**    At the conclusion of the teleconference, the court asked the parties to meet and

confer to come up with a stipulated protective order with protections similar to those stated in

*INVISTA N. Am. S.a.r.l. v. M & G USA Corp.*, 2013 WL 1867345 (D. Del. Mar. 28, 2013)

*[hereinafter "INVISTA"]*. If the parties could not come to an agreement, supplemental letter

briefing was requested.  During the meet and confer an agreement was not reached.  On

November 1, 2016, both parties submitted supplemental letters regarding foreign counsel access.

(D.I. 52; D.I. 53) The court was informed that Section 2.13 was no longer in dispute, and that the

parties had agreed to the following language in Paragraph 7.5(a) titled, "Related Foreign

Actions:"

> Each party is permitted to disclose Protected Material, for purposes of coordinating
> litigations only (not for use in foreign actions), to no more than a total of two foreign
> attorneys representing the Party's related entities in co-pending transcatheter heart valve
> litigations between Boston Scientific and Edwards in each non-US jurisdiction (the
> "Foreign Actions.")  Such foreign attorneys shall execute and serve on the other party a
> copy of the Acknowledgement And Agreement To Be Bound attached hereto as Exhibit
> A, subject to no objections from the Producing Party ("Designated Foreign Counsel").  If
> the Producing Party objects to the disclosure of material to the proposed recipient, the
> Producing Party shall object, in writing, within five (5) business days of receipt of the
> proposed recipient's executed Acknowledgement and Agreement To Be Bound, and state
> the basis for its objection.  Within five (5) business days of the written objection, the
> parties shall meet and confer.  If the parties do not reach resolution, the party seeking
> disclosure shall follow the procedures set forth by the Court for raising discovery
> disputes with the Court.

(D.I. 53 at 16)

    **3.**     However, during the meet and confer, Edwards proposed the addition of

Paragraph 7.5(b), which the parties now dispute:

> Prior to disclosure of Protected Material to Designated Foreign Counsel, the Party
> seeking disclosure shall provide written notice to the Producing Party identifying (i) the
> names of the Designated Foreign Counsel and (ii) the specific Protected Material sought
> to be disclosed to the Designated Foreign Counsel.  If the Producing Party objects to the
> disclosure of Protected Material to the Designated Foreign Counsel, the Producing Party
> shall object, in writing, within five (5) business days of receipt of the written notice, and
> state the basis for its objection.  Within five (5) business days of the written objection, the
> parties shall meet and confer.  If the parties do not reach resolution, the party seeking
> disclosure shall follow the procedures set forth by the Court for raising discovery
> disputes with the Court.

(*Id.* at 16–17)

**4.**      Edwards argues Paragraph 7.5(b) is necessary to protect sensitive and confidential information, and provides a mechanism for objecting to what documents may be disclosed to foreign counsel. (D.I. 53)  Edwards also maintains its position that foreign counsel access is unnecessary for coordinating litigation strategy. (*Id.*)

**5.**      Plaintiffs reject the addition of Paragraph 7.5(b) on multiple grounds. First, Plaintiffs argue Paragraph 7.5(a) already includes all of the relevant protections from *INVISTA*. (D.I. 52)  Second, Paragraph 7.5(b) mirrors a protection from *INVISTA* regarding the *use* of documents in foreign actions, which is not relevant to the present case. (*Id.*)  Third, Edwards' proposal would prejudice Plaintiffs by requiring the disclosure of their litigation strategy, by revealing which documents Plaintiffs believe are important. (*Id.*)  Plaintiffs argue such information is considered work product. (*Id.*)  Fourth, Edwards' proposal would create an undue burden for the court by opening the door to numerous disputes for the court to resolve. (*Id.*)

**6.**      **Analysis.** Edwards' request to include Paragraph 7.5(b) is denied.  The court relies on the holding in *INVISTA* in deciding that Paragraph 7.5(b) should not be included in the Protective Order.

**7.**      The procedure described in Paragraph 7.5(b) would reveal which documents are important to Plaintiffs, and therefore disclose information that is considered work product. *See Sporck v. Peil*, 759 F.2d 312, 315 (3d. Cir. 1985) ("Because identification of the documents as a group will reveal defense counsel's selection process, and thus his mental impressions, [...] identification of the documents as a group must be prevented to protect defense counsel's work product."); *Plant Genetic Sys., N.V. v. Northrup King Co.*, 174 F.R.D. 330, 331 (D. Del. 1997) ("Generally, selection of documents by counsel in anticipation of litigation is protected by the work product doctrine."); *James Julian, Inc. v. Raytheon Co.*, 93 F.R.D. 138, 144 (D. Del. 1982)

("In selecting and ordering a few documents out of thousands counsel could not help but reveal important aspects of his understanding of the case. Indeed, in a case such as this, involving extensive document discovery, the process of selection and distillation is often more critical than pure legal research. There can be no doubt that at least in the first instance the binders were entitled to protection as work product.")

8.      Edwards argues that Paragraph 7.5(b) is modeled after a provision in the *INVISTA* protective order. (D.I. 53 at 2)  However, the *INVISTA* provision upon which Paragraph 7.5(b) is modeled relates to the *use* of documents in foreign actions. *See INVISTA*, 2013 WL 1867345, at *2–5. Whereas, in the present case, there is no pending request to use the documents in foreign litigation. (D.I. 52 at 2)  Plaintiffs previously agreed that the documents would not be used in any foreign litigation. (*Id.*)  Therefore, the addition of Paragraph 7.5(b) is unnecessary.

9.      The court finds that Paragraph 7.5(a) of the proposed Protective Order has a sufficient objection procedure for disclosure of confidential material to a proposed foreign attorney recipient.

10.     **Conclusion.**  For the foregoing reasons, Edwards' request to include Paragraph 7.5(b) in the Protective Order is DENIED for the reasons set forth above.

11.     Counsel shall resubmit to the court the proposed Protective Order omitting Paragraph 7.5(b).

12.     This Memorandum Order is filed pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and D. Del. LR 72.1(a)(2). The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Memorandum Order. Fed. R. Civ. P. 72(a). The objections and responses to the objections are limited to ten (10) pages each.

**13.**    The parties are directed to the court's Standing Order For Objections Filed Under

Fed. R. Civ. P. 72, dated October 9, 2013, a copy of which is available on the court's website,

www.ded.uscourts.gov.

Sherry R. Fallon
United States Magistrate Judge