# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BOSTON SCIENTIFIC CORPORATION and BOSTON SCIENTIFIC SCIMED, INC., <br><br> Plaintiffs, <br><br> v. <br><br> EDWARDS LIFESCIENCES CORPORATION, <br><br> Defendant. | |
| EDWARDS LIFESCIENCES CORPORATION, EDWARDS LIFESCIENCES PVT, INC., and EDWARDS LIFE SCIENCES LLC, <br><br> Counterclaim and Third-Party Plaintiffs, <br><br> v. <br><br> BOSTON SCIENTIFIC CORPORATION, BOSTON SCIENTIFIC SCIMED, INC., and SADRA MEDICAL, INC., <br><br> Counterclaim and Third-Party Defendants. | C.A. No. 16-275-SLR-SRF <br><br> **UNDER SEAL** |

## **MEMORANDUM ORDER**

At Wilmington this 28th day of **November, 2017**, the court having considered the parties' discovery dispute submissions, the arguments presented during the July 19, 2017 hearing, and the supplemental submissions (D.I. 229; D.I. 230; D.I. 238; D.I. 242; 7/19/17 Tr.), IT IS HEREBY ORDERED THAT the request for issuance of letters of request pursuant to the

Hague Convention, filed by plaintiffs and counterclaim defendants Boston Scientific Corp. and Boston Scientific SciMed, Inc. and third-party defendant Sadra Medical, Inc. (collectively, "BSC") is granted-in-part for the reasons set forth below.

**1. Background.** By way of its motion filed on July 13, 2017, BSC seeks discovery from four individuals in Israel in accordance with the Hague Convention: Benjamin Spenser, Netanel Benichou, Avraham Zakai, and Itai Pelled. (D.I. 229 at 1) Each of these individuals, as members of a team at ARAN Research, was involved in the development of prototypes which were predecessors to the heart valve technology at issue in the present case.[1] (D.I. 229, Ex. 5 at 311:21-313:13)

**2.** On June 9, 2016, defendant, counterclaim and third-party plaintiffs Edwards Lifesciences Corporation, Edwards Lifesciences PVT, Inc., and Edwards Life Sciences LLC (collectively, "Edwards") filed patent infringement counterclaims on U.S. Patent Nos. 7,510,575, 9,168,133, and 9,339,383 (collectively, the "Edwards patents"). (D.I. 10) In July 2016, BSC's Rule 26 initial disclosures identified Assaf Bash, Spenser, Benishou, and Zakai as the named inventors of the Edwards patents with knowledge of facts supporting BSC's claims or defenses. (D.I. 230, Ex. 1 at 3, 5)

**3.** In October 2016, BSC indicated in its Section 3 initial disclosures that it intended to seek third-party discovery from the inventors of the Edwards patents who are no longer employees of Edwards. (D.I. 230, Ex. 2 at 6-7) At this time, Edwards also produced documents

---

[1] Edwards' predecessor, Percutaneous Valve Technologies ("PVT"), contracted with ARAN Research to develop the original Sapien device and related prototypes. (D.I. 229, Ex. 4 at 8; Ex. 5 at 311:11-312:2) At the time the first patent was filed by PVT, the named inventors Benjamin Spenser, Netanel Benichou, Avraham Zakai, and Assaf Bash were employees of ARAN. The contract provided that the outcome of the inventors' work would belong to PVT. (*Id.*)

2

referring to Itai Pelled, who worked at Edwards and Edwards' predecessor, Percutaneous Valve Technologies ("PVT").

4. On November 30, 2016, the last day to amend pleadings, Edwards moved for leave to add a prior use defense to its responsive pleading pursuant to 35 U.S.C. § 273. (D.I. 65) The court granted Edwards' motion and additional limited discovery on February 28, 2017, and Edwards filed its amended answer. (D.I. 103; D.I. 105)

5. In December 2016, BSC asked Edwards' counsel to accept service of document production subpoenas on behalf of Bash, Spenser, Zakai, and Benichou. (D.I. 230, Ex. 4) Edwards responded that it was not authorized to accept service on behalf of Spenser, Zakai, or Benichou because they are citizens of Israel entitled to the protections afforded to Israeli citizens. (*Id.*, Exs. 5-6)

6. On January 12, 2017, BSC identified the Israeli inventors and Itai Pelled among its proposed electronic search terms for Edwards to use to locate potentially responsive ESI. (D.I. 230, Ex. 3 at Appendix B, ¶ 1)

7. On April 4, 2017, BSC noticed the depositions of Spenser, Benichou, and Zakai. (D.I. 132; D.I. 133; D.I. 134) On April 5, 2017, Edwards refused to accept the deposition notices for Spenser, Benichou, and Zakai because they were not employees of Edwards or U.S. citizens. (D.I. 230, Ex. 7) On April 26, 2017, Edwards provided its 30(b)(6) responses, agreeing to produce witnesses on topics regarding the contributions of the named inventors to the Edwards patents. (D.I. 230, Ex. 14)

8. On May 25, 2017, Edwards informed BSC that its corporate designee, Mr. Bash, would be bringing prototype valves to his deposition for examination on the following day. (D.I. 238, Ex. A) Edwards had not previously produced the prototype valves. (*Id.*) Pictures of two of

3

the devices had been produced on November 9, 2016, before Edwards' addition of its prior use defense. (D.I. 238, Ex. C at 353:13-16; D.I. 230, Ex. 16) The remaining prototypes had not been produced or mentioned prior to the eve of Mr. Bash's deposition, when Edwards produced three additional pictures of the previously undisclosed prototypes. (D.I. 238, Ex. B at 2-3) BSC deposed Mr. Bash on May 26, 2017. (D.I. 238, Ex. C)

**9.** On May 29, 2017, BSC received the rough transcript of Mr. Bash's deposition and asked to schedule a meet and confer with Edwards on or about June 8, 2017. (D.I. 229 at 3) The parties met and conferred on June 9, 2017, and BSC provided Edwards with its draft motion and Letters of Request. (D.I. 230, Exs. 9-13)

**10.** Fact discovery closed on June 30, 2017. (D.I. 153 at ¶ 1) The court held a hearing on the present dispute on July 19, 2017. (D.I. 196)

**11. Analysis.** BSC's request for issuance of letters of request pursuant to the Hague Convention is granted-in-part. Specifically, BSC is permitted to file letters of request under the Hague Convention for discovery from Spenser, Zakai, Benichou, and Pelled limited to the prototypes disclosed during Mr. Bash's May 26, 2017 deposition. BSC's additional request for a 30(b)(6) deposition of Stan Rowe, which was raised for the first time in the supplemental briefing and which BSC represents would not serve as an adequate substitute for the third-party depositions under the Hague Convention, is denied.

**12.** The parties do not dispute the relevance of the requested discovery, as testimony from the named inventors and original developers of the prototypes leading to the accused Sapien 3 device is indisputably relevant. (7/19/17 Tr. at 22:13-16) ("I think early on, and not surprisingly, Boston realized that the inventors had information relevant to this case, including on prototypes.")

4

**13.** The court concludes that the requested discovery is not unduly cumulative. Mr. Bash's deposition testimony demonstrates that he lacked knowledge of the history of the prototypes, and could not provide definitive answers regarding which device came first and the dates when the devices were developed. (D.I. 238, Ex. C at 367:22-370:20) His testimony further confirms that he did not know other facts about the prototypes, including the listed manufacturing method (*Id.* at 374:17-375:1), how the cuff portion related to the diameter of the stent frame (*Id.* at 376:1-13), the significance of certain markings on the labels associated with the prototypes (*Id.* at 377:21-378:1; 386:14-19), whether the associated stent has vertical bars (378:17-20), whether the valve was fully inflated (379:7-9), whether the cuff portion has slack (381:24-382:15), whether the devices were or had been fully expanded (382:19-383:2; 384:8-23; 387:22-388:16), and whether the devices were described as prototypes when shown to others (387:8-13). The named inventors and original developers of the prototypes would likely possess this information and could address such topics of inquiry.

**14.** Edwards alleges that BSC should have objected to the sufficiency of Mr. Bash's testimony on the designated topics if it believed Mr. Bash's testimony was deficient. However, Mr. Bash testified that Spenser, Zakai, Benichou, and Pelled were in possession of specific information relating to their roles in the development of the prototypes. (D.I. 238, Ex. C at 307:22-308:15; 314:5-315:16) Edwards repeatedly made clear that BSC would have to pursue discovery from these foreign third parties pursuant to the Hague Convention. (D.I. 230, Exs. 5-7) As such, challenging the adequacy of the 30(b)(6) testimony was not likely to achieve BSC's goal of obtaining meaningful responses to the identified questions regarding the prototypes.

**15.** Edwards' primary argument in opposition to BSC's request is that the request is untimely. As previously stated, BSC sought the depositions of Spenser, Zakai, Benichou, and

5

Pelled prior to Edwards' belated disclosure of the prototypes, but failed to initiate procedures in accordance with the Hague Convention. (D.I. 230, Exs. 5-7) However, Edwards' disclosure of the prototypes on the eve of Mr. Bash's deposition, combined with gaps in Mr. Bash's testimony regarding the prototypes, prejudiced BSC in its ability to explore the subject of the prototypes during the 30(b)(6) deposition. For these reasons, the court finds good cause to amend the scheduling order to permit additional limited fact discovery. Fed. R. Civ. P. 16(b)(4). By limiting the discovery awarded to the topic of the prototypes, the court endeavors to strike a balance between granting relief to remedy the prejudice suffered by BSC as a result of Edwards' delayed production of the prototypes, while declining to reward BSC's delay to the extent that it now seeks discovery from the foreign third parties extending beyond the topic of prototypes, which could have been sought during the fact discovery period.

**16. Conclusion.** BSC's request for issuance of letters of request pursuant to the Hague Convention is granted-in-part. Specifically, BSC is permitted to request discovery under the Hague Convention from Spenser, Zakai, Benichou, and Pelled limited to the prototypes disclosed during Mr. Bash's May 26, 2017 deposition. BSC's additional request for a 30(b)(6) deposition of Stan Rowe is denied. BSC should submit letters of request consistent with this Memorandum Order on or before **December 5, 2017**.

**17.** Given that the court has relied upon material that technically remains under seal, the court is releasing this Memorandum Order under seal, pending review by the parties. In the unlikely event that the parties believe that certain material in this Memorandum Order should be redacted, the parties should jointly submit a proposed redacted version by no later than **December 12, 2017**. The court will subsequently issue a publicly available version of its Memorandum Order.

**18.** This Memorandum Order is filed pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and D. Del. LR 72.1(a)(2). The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Memorandum Order. Fed. R. Civ. P. 72(a). The objections and responses to the objections are limited to ten (10) pages each.

**19.** The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated October 9, 2013, a copy of which is available on the court's website, www.ded.uscourts.gov.

Sherry R. Fallon
United States Magistrate Judge