# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BOSTON SCIENTIFIC CORPORATION and BOSTON SCIENTIFIC SCIMED, INC., <br><br> Plaintiffs, <br><br> v. <br><br> EDWARDS LIFESCIENCES CORPORATION, <br><br> Defendant. <br><br>——————————————————————<br><br> EDWARDS LIFESCIENCES CORPORATION, EDWARDS LIFESCIENCES PVT, INC., and EDWARDS LIFE SCIENCES LLC, <br><br> Counterclaim and Third-Party Plaintiffs, <br><br> v. <br><br> BOSTON SCIENTIFIC CORPORATION, BOSTON SCIENTIFIC SCIMED, INC., and SADRA MEDICAL, INC., <br><br> Counterclaim and Third-Party Defendants. | C.A. No. 16-275-JFB-SRF |

## MEMORANDUM ORDER

At Wilmington this **20th** day of **April, 2018,** the court having considered the Motion to Stay Proceedings on the '608 Patent Pending Final Resolution of the PTAB's Invalidation of the Asserted Claims of the '608 Patent, filed by Edwards Lifesciences Corporation and Edwards Lifesciences LLC (collectively, "Edwards") (D.I. 408), and the Cross-Motion to Stay the Spenser Patent Claims, filed by Boston Scientific Corp., Boston Scientific Scimed, Inc., and Sadra

Medical, Inc. (collectively, "Boston Scientific") (D.I. 424), IT IS HEREBY ORDERED THAT Edwards' motion to stay is DENIED, and Boston Scientific's cross-motion to stay is DENIED, for the reasons set forth below:

1. **Background.** On April 19, 2016, Boston Scientific filed this suit against Edwards, alleging infringement of U.S. Patent No. 8,992,608 ("the '608 patent"). (D.I. 1) On June 9, 2016, Edwards filed its answer and counterclaims for noninfringement, invalidity, and infringement of U.S. Patent Nos. 9,168,133, 9,339,383, and 7,510,575 (collectively, the "Spenser Patents"). (D.I. 10; D.I. 301)

2. On October 12, 2016, Edwards filed a petition for *inter partes* review ("IPR") with the Patent Trial and Appeal Board ("PTAB") regarding claims 1 to 4 of the '608 patent. The PTAB instituted IPR proceedings on March 29, 2017. (D.I. 409 at 2)

3. Fact discovery closed on June 30, 2017. (D.I. 153 at ¶ 1) Certain fact discovery pertaining to validity of the '608 patent and damages from the alleged infringement of the '608 patent remains ongoing. (D.I. 298) Expert discovery was completed on December 1, 2017. (D.I. 34)

4. On February 16, 2018, the undersigned judicial officer issued a Report and Recommendation granting-in-part Edwards' motion to dismiss for lack of subject matter jurisdiction, which was based on Boston Scientific's purported lack of ownership of the '608 patent. (D.I. 354) Edwards filed objections to the Report and Recommendation on March 5, 2018. (D.I. 384)

5. On March 23, 2018, the PTAB issued its Final Written Decision, concluding that claims 1 to 4 of the '608 patent were invalid as obvious over three different combinations of prior art. (D.I. 403, Ex. A) The PTAB's ruling encompasses all of the claims of the '608 patent

2

asserted in the present litigation. (D.I. 1 at ¶¶ 12-17) (alleging infringement of claims 1-3 of the '608 patent). Boston Scientific has thirty days from the issuance of the PTAB's Final Written Decision to seek rehearing of the Decision, 37 C.F.R. § 42.71(d)(2), or sixty-three days from the Decision or the resolution of a request for rehearing to file a notice of appeal with the Federal Circuit, 37 C.F.R. § 90.3. Boston Scientific has indicated its intention to appeal. (D.I. 425 at 2)

6. Briefing on the parties' summary judgment motions was completed on April 2, 2018. (D.I. 407) There are currently seven motions for summary judgment pending before the court. (D.I. 302; D.I. 306; D.I. 307; D.I. 328; D.I. 335; D.I. 336; D.I. 337) The court heard argument on the parties' cross-motions to stay on April 17, 2018. A ten-day jury trial is scheduled to begin on July 30, 2018. (D.I. 34)

7. **Legal standard.** A court has discretionary authority to grant a motion to stay. *454 Life Scis. Corp. v. Ion Torrent Sys., Inc.*, C.A. No. 15-595-LPS, 2016 WL 6594083, at *2 (D. Del. Nov. 7, 2016) (citing *Cost Bros., Inc. v. Travelers Indem. Co.*, 760 F.2d 58, 60 (3d Cir. 1985)). Typically, courts consider three factors in deciding how to exercise this discretion: (1) whether a stay will simplify the issues for trial; (2) the status of the litigation, particularly whether discovery is complete and a trial date has been set; and (3) whether a stay would cause the non-movant to suffer undue prejudice from any delay or allow the movant to gain a clear tactical advantage. *Id.* (citing *Advanced Microscopy Inc. v. Carl Zeiss Microscopy, LLC*, C.A. No. 15-516-LPS-CJB, 2016 WL 558615, at *1 (D. Del. Feb. 11, 2016)).

8. **Analysis.** The parties' cross-motions to stay are denied. As a preliminary matter, the court declines to grant a partial stay, as proposed by Edwards. Rule 42(b) of the Federal Rules of Civil Procedure provides that, "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate . . . counterclaims . . . ."

3

Fed. R. Civ. P. 42(b). When exercising its discretion to sever, the court "consider[s] whether bifurcation will avoid prejudice, conserve judicial resources, and enhance juror comprehension of the issues presented in the case." *SenoRx, Inc. v. Hologic, Inc.*, 920 F. Supp. 2d 565, 567 (D. Del. 2013). In the present case, the court concludes that a partial stay would subvert these interests because several unknown variables, including the possibility that the Federal Circuit may reverse the PTAB's decision on appeal and the uncertainty as to whether the United States Supreme Court may find IPR proceedings unconstitutional,[1] increase the likelihood that at least two trials would be necessary to bring the litigation to its conclusion if the court implements a partial stay. *See Life Techs. Corp. v. Illumina, Inc.*, C.A. No. 09-706-RK, 2010 WL 2348737, at *3-4 (D. Del. June 7, 2010). Moreover, partial stays are disfavored in cases similar to the instant case, which involve similar prior art and technology. *See In re Med. Components, Inc.*, 535 F. App'x 916, 918 (Fed. Cir. 2013).

9.  ***Simplification of issues for trial.*** The potential for simplification of issues for trial slightly favors a stay. Given that the PTAB invalidated the '608 patent, an affirmance by the Federal Circuit, in whole or in part, would affect the scope of the trial in the instant case. However, Edwards' counterclaims based on the Spenser patents are not the subject of IPR proceedings, and will ultimately proceed to trial regardless of the outcome of Boston Scientific's anticipated appeal regarding the validity of the '608 patent. (D.I. 429 at 6)

10. ***Stage of proceedings.*** The second factor in the stay analysis, regarding the stage of the proceedings, weighs most heavily in favor of denying the stay requests. Fact discovery ended nearly a year ago (with limited exceptions), expert discovery and summary judgment

---

[1] *See Oil States Energy Servs., LLC v. Greene's Energy Grp., LLC*, 639 F. App'x 639 (Fed. Cir. 2016), *cert. granted*, 137 S. Ct. 2239 (2017).

4

briefing are complete, and trial is scheduled to go forward on July 30, 2018. *See Life Techs. Corp. v. Illumina, Inc.*, C.A. No. 09-706-RK, 2010 WL 2348737, at *4 (D. Del. June 7, 2010) (declining to institute a stay after substantial discovery and the setting of a trial date); *Nokia Corp. v. Apple Inc.*, C.A. No. 09-791-GMS, 2011 WL 2160904, at *1 (D. Del. June 1, 2011) (same). The Federal Circuit's ruling on Boston Scientific's anticipated appeal will not likely occur until after the July 30, 2017, trial date in this matter has passed. *See Personalized User Model, L.L.P. v. Google, Inc.*, C.A. No. 09-525-LPS, 2012 WL 5379106, at *1 (D. Del. Oct. 31, 2012) (weighing the fact that appeals of the reexamination proceedings would extend beyond the trial date as a factor against a stay). To date, the parties have expended substantial resources bringing the litigation to this stage. While the remaining fact depositions and trial will require an additional expenditure of resources, staying the litigation at this late stage to await decisions from the Supreme Court and Federal Circuit, which may or may not alter the trajectory of the case, would not promote the interests of justice.

**11.** *Undue prejudice.* In assessing whether Boston Scientific and/or Edwards will be prejudiced by a stay of proceedings, the court concludes that a stay, in whole or in part, would result in prejudice to each side. (4/17/18 Tr. at 78:7-13) For example, Boston Scientific could potentially be prejudiced if its claims on the '608 patent were stayed but Edwards' counterclaims were adjudicated,[2] particularly in the event that subsequent rulings by the Federal Circuit or Supreme Court may overturn or nullify the PTAB's actions on the '608 patent. Likewise, Edwards could potentially be prejudiced by delaying the case in its entirety. Thus, there is merit to maintaining a level playing field if both parties, potentially, pursue injunctive relief in the

---

[2] Edwards presented no fully-developed argument or case authorities applying Federal Rule of Civil Procedure 42(b) in support of its application for severance of its counterclaims from the remainder of the action. (4/17/18 Tr. at 77:12-23)

future, depending on the trial outcome. (4/17/18 Tr. at 78:21-79:5) Overall, practical considerations lead the court to determine that neither party is in a reasonable position to argue that they will be prejudiced by maintaining the status quo, keeping the case on track for trial.

12. **Conclusion.** For the foregoing reasons, Edwards' motion to stay proceedings on the '608 patent is denied (D.I. 408), and Boston Scientific's cross-motion to stay proceedings on the Spenser patents is denied (D.I. 424). This order is without prejudice to either side to renew an application to stay the case if warranted by subsequent proceedings related to the IPR.

13. This Memorandum Order is filed pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and D. Del. LR 72.1(a)(2). The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Memorandum Order. Fed. R. Civ. P. 72(a). The objections and responses to the objections are limited to ten (10) pages each.

14. The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated October 9, 2013, a copy of which is available on the court's website, www.ded.uscourts.gov.

Sherry R. Fallon
United States Magistrate Judge