IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BOSTON SCIENTIFIC CORPORATION and BOSTON SCIENTIFIC SCIMED, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>EDWARDS LIFESCIENCES CORPORATION,<br><br>Defendant.<br><br>EDWARDS LIFESCIENCES CORPORATION, EDWARDS LIFESCIENCES PVT, INC., and EDWARDS LIFE SCIENCES LLC,<br><br>Counterclaim and Third-Party Plaintiffs,<br><br>v.<br><br>BOSTON SCIENTIFIC CORPORATION, BOSTON SCIENTIFIC SCIMED, INC., and SADRA MEDICAL, INC.,<br><br>Counterclaim and Third-Party Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) C.A. No. 16-275-JFB-SRF<br><br>UNDER SEAL<br>Unsealed<br>9/27/18 |

## MEMORANDUM OPINION

### I. INTRODUCTION

Presently before the court in this patent infringement action is the motion for leave to amend the complaint pursuant to Federal Rule of Civil Procedure 15(a)(2), filed by plaintiffs Boston Scientific Corporation and Boston Scientific Scimed, Inc. (collectively, "Boston Scientific"). (D.I. 442) For the following reasons, the court will deny Boston Scientific's motion for leave to amend its complaint.

## II. BACKGROUND

On April 19, 2016, Boston Scientific filed this suit against defendant Edwards Lifesciences Corporation ("Edwards Corp."), alleging infringement of U.S. Patent No. 8,992,608 ("the '608 patent"). (D.I. 1) On June 9, 2016, Edwards Corp. filed an answer and joined with Edwards Lifesciences PVT, Inc. ("Edwards PVT") and Edwards Lifesciences LLC ("Edwards LLC") (collectively, "Edwards") to file counterclaims[1] for declaratory relief of noninfringement of the '608 patent, invalidity of the '608 patent, and infringement of U.S. Patent Nos. 9,168,133 ("the '133 patent), 9,339,383 ("the '383 patent"), and 7,510,575 ("the '575 patent"). (D.I. 10) Boston Scientific answered Edwards' counterclaims and third-party claims on July 5, 2016, admitting that "[a]n actual controversy exists between Edwards and Edwards LLC, and Boston over the alleged infringement of the '608 Patent." (D.I. 17 at ¶ 11; D.I. 10 at ¶ 11)

Pursuant to the scheduling order, the deadline to amend pleadings passed on November 30, 2016. (D.I. 34 at ¶ 2) On that date, Edwards filed its first motion for leave to amend its pleading to add an affirmative prior use defense, which the court granted on February 28, 2017. (D.I. 65; D.I. 103; D.I. 104) On May 3, 2017, Edwards filed a second motion for leave to amend to add new defenses and counterclaims pertaining to improper inventorship of the '608 patent, which was granted on January 10, 2018. (D.I. 166; D.I. 300; D.I. 301)

On June 21, 2017, Edwards filed a motion to dismiss for lack of subject matter jurisdiction. (D.I. 205) The court issued a Report and Recommendation on February 16, 2018, recommending the dismissal only of Boston Scientific Corporation's claims, and not the claims

---

[1] Edwards LLC and Edwards PVT did not file a motion to intervene pursuant to Rule 24 of the Federal Rules of Civil Procedure. *See Allstate Ins. Co. v. Pa. Chiropractic Servs. Corp.*, 2016 WL 6247053, at *3 (E.D. Pa. Oct. 24, 2016) (indicating that a counterclaim plaintiff may not add co-counterclaimants to the litigation without filing a motion to intervene). Boston Scientific did not challenge the addition of Edwards LLC as a counterclaim plaintiff to the litigation.

of Boston Scientific Scimed, Inc. (D.I. 354) Edwards filed its objections to the Report and Recommendation on March 5, 2018. (D.I. 384) On August 21, 2018, the court issued a Memorandum and Order overruling the objections to the Report and Recommendation. (D.I. 457)

Fact discovery closed on June 30, 2017. (D.I. 34; D.I. 153) On the last day of fact discovery, Edwards supplemented its interrogatory responses, disclosing that "Edwards Lifesciences Corporation does not make, use, offer to sell, or sell SAPIEN 3." (D.I. 444, Ex. 6 at 49)

In accordance with the scheduling order, the parties filed their motions for summary judgment on infringement and invalidity on January 12, 2018. (D.I. 34 at ¶ 8(c)(1); D.I. 302; D.I. 306; D.I. 307) On February 9, 2018, the parties filed their motions for summary judgment on noninfringement and validity. (D.I. 34 at ¶ 8(c)(2); D.I. 328; D.I. 335; D.I. 336; D.I. 337) In its motion for summary judgment of noninfringement, Edwards alleges that "the sole named defendant, Edwards Corp., is a holding company that does not make, use, offer to sell, sell, or import . . . the accused SAPIEN 3." (D.I. 329 at 6) In response, Boston Scientific indicated its intention to seek leave to amend the complaint to add Edwards LLC as a defendant. (D.I. 388 at 4-5)

Boston Scientific filed the motion presently pending before the court on May 17, 2018, seeking to add Edwards LLC as a defendant to the litigation. (D.I. 442) Trial is scheduled to go forward on November 26, 2018. (D.I. 455)

3

## III. LEGAL STANDARD

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that after a responsive pleading has been filed, a party may amend its pleading "only with the opposing party's written consent or the court's leave," and "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The decision to grant or deny leave to amend lies within the discretion of the court. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *In re Burlington Coat Factory Secs. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). The Third Circuit has adopted a liberal approach to the amendment of pleadings. *See Dole v. Arco*, 921 F.2d 484, 487 (3d Cir. 1990). In the absence of undue delay, bad faith, or dilatory motives on the part of the moving party, the amendment should be freely granted, unless it is futile or unfairly prejudicial to the non-moving party. *See Foman*, 371 U.S. at 182; *In re Burlington*, 114 F.3d at 1434.

If a party seeks leave to amend after a deadline imposed by the scheduling order, the court must apply Rule 16 of the Federal Rules of Civil Procedure. *WebXchange Inc. v. Dell Inc.*, C.A. No. 08-132-JJF, 2010 WL 256547, at *2 (D. Del. Jan. 20, 2010). A court-ordered schedule "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The good cause element requires the movant to demonstrate that, despite diligence, the proposed claims could not have been reasonably sought in a timely manner." *Venetec Int'l v. Nexus Med.*, 541 F. Supp. 2d 612, 618 (D. Del. 2010). The focus of the "good cause" inquiry is, therefore, on diligence of the moving party, rather than on prejudice, futility, bad faith, or any of the other Rule 15 factors. *Glaxosmithkline LLC v. Glenmark Pharms. Inc.*, C.A. No. 14-877-LPS-CJB, 2016 WL 7319670, at *1 (D. Del. Dec. 15, 2016). Only after having found the requisite showing of good cause will the court consider whether the proposed amended pleading

4

meets the Rule 15(a) standard. *See E. Minerals & Chems. Co. v. Mahan*, 225 F.3d 330, 340 (3d Cir. 2000).

## IV. ANALYSIS

### A. Good Cause

Edwards argues that Boston Scientific has not established good cause to amend its complaint following the expiration of the amended pleadings deadline because Boston Scientific had knowledge of facts revealing Edwards LLC's role in manufacturing the accused Sapien 3 product in the United States well before the deadline for amended pleadings. (D.I. 451 at 10) Specifically, Edwards alleges that its June 9, 2016 answer to the complaint and counterclaims revealed the significance of Edwards LLC to the infringement of the '608 patent, and its response to Boston Scientific's interrogatories on August 1, 2016 identified Edwards LLC as the manufacturer of the accused Sapien 3 device in the United States. (*Id.*) In response, Boston Scientific claims that Edwards deliberately provided misleading discovery responses regarding the Edwards entities responsible for manufacturing the Sapien 3 device in the United States. (D.I. 454 at 2)

The court concludes that Boston Scientific has not demonstrated good cause to amend its complaint in accordance with Rule 16(b)(4). Good cause exists "when the schedule cannot reasonably be met despite the diligence of the party seeking the extension." *Dickerson v. KeyPoint Gov't Sols., Inc.*, C.A. No. 16-657-RGA-MPT, 2017 WL 2457457, at *4 (D. Del. June 7, 2017). In the present case, the declaratory judgment counterclaim of noninfringement of the '608 patent, asserted by both Edwards Corp. and Edwards LLC on June 9, 2016, placed Boston Scientific on notice that "[a]n actual controversy exists between Edwards and Edwards LLC, and Boston over the alleged infringement of the '608 Patent." (D.I. 10 at 8) Boston Scientific

5

acknowledged as much in its answer to the counterclaims, filed on July 5, 2016, which admitted this allegation. (D.I. 17 at 3) Despite acknowledging the existence of a controversy with Edwards LLC regarding the alleged infringement of the '608 patent, Boston Scientific did not seek leave to add Edwards LLC as a defendant at that time, nor did it explore the contours of each Edwards entity's specific role in the manufacture, use, or sale of the accused Sapien 3 device through discovery.

Moreover, Edwards disclosed that "Edwards Lifesciencies LLC, of Irvine, California, manufactures all or some of the SAPIEN 3 in the United States" in response to Boston Scientific's interrogatories on August 1, 2016, thereby notifying Boston Scientific of Edwards LLC's allegedly infringing activities approximately four months before the deadline to amend pleadings. (D.I. 444, Ex. 3 at 18) Nowhere in its response did Edwards assert that Edwards Corp. played a role in the manufacture of the Sapien 3 device. (*Id.*) Boston Scientific's argument that this response "does not indicate that [Edwards LLC] is the ***exclusive*** U.S. manufacturer of the Sapien 3" is not compelling. (D.I. 454 at 3) By disclosing that Edwards LLC "manufactures all or some of the SAPIEN 3 in the United States," Edwards expressly identified Edwards LLC's participation in the allegedly infringing activity, and suggested that Edwards LLC may in fact be the exclusive manufacturer of the accused product in the United States. Boston Scientific's failure to seek leave to amend based on the representations made in Edwards' discovery responses, and concomitant failure to further explore Edwards LLC's precise role through additional discovery, precludes a finding of diligence. "Where, as here, the party knows or is in possession of the information that forms the basis of the later motion to amend at the outset of the litigation, the party is presumptively not diligent." *Price v. Trans*

*Union, LLC*, 737 F. Supp. 2d 276, 280 (E.D. Pa. 2010) (citing *Chancellor v. Pottsgrove Sch. Dist.*, 501 F. Supp. 2d 695, 701 (E.D. Pa. 2007)).

According to Boston Scientific, Edwards did not reveal that "Edwards Lifesciences Corporation does not make, use, offer to sell, or sell SAPIEN 3" until the last day of discovery on June 30, 2017, despite having knowledge of this fact much earlier. (D.I. 443 at 4-5) However, Boston Scientific's proposed amended complaint does not seek to dismiss its infringement claims against Edwards Corp. (D.I. 442, Ex. B at 3) Instead, Boston Scientific seek to maintain its infringement allegations against Edwards Corp. and include additional allegations of infringement of the '608 patent against Edwards LLC. (*Id.*) For the reasons previously stated, the record reflects that Edwards consistently identified Edwards LLC as the entity responsible for manufacturing the Sapien 3 device in the United States. Consequently, Boston Scientific's late discovery that Edwards Corp. does not participate in certain infringing activities does not alter the fact that Boston Scientific was on notice that Edwards LLC should be added to Boston Scientific's cause of action for infringement of the '608 patent. *See E.I. DuPont de Nemours & Co. v. Unifrax I LLC*, C.A. No. 14-1250-RGA, 2017 WL 1822279, at *2 (D. Del. May 5, 2017) ("Given that Plaintiff seems to have been in possession of the facts essential to bring a willfulness claim well prior to the amendment deadline established by the scheduling order, there is no diligence here.").

Because Boston Scientific has not established good cause under Rule 16(b)(4), the court need not turn to the Rule 15(a) analysis.[2] *See E. Minerals & Chems. Co. v. Mahan*, 225 F.3d

---

[2] Boston Scientific also raised arguments in support of its motion to amend the complaint in its briefing on summary judgment. (D.I. 388 at 4-5) However, the cases cited by Boston Scientific in support of its position analyzed only the undue delay and prejudice factors under the Rule 15(a) standard, as opposed to the good cause standard under Rule 16(b)(4). *See Dole v. Arco Chem. Co.*, 921 F.2d 484, 487 (3d Cir. 1990); *Adams v. Gould Inc.*, 739 F.2d 858, 869 (3d Cir.

7

330, 340 (3d Cir. 2000) (concluding that the district court "acted well within its discretion" in applying the Rule 16(b) good cause standard and denying a motion to amend on that basis);[3] *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000) ("[D]espite the lenient standard of Rule 15(a), a district court does not abuse its discretion in denying leave to amend the pleadings after the deadline set in the scheduling order where the moving party has failed to establish good cause."); 6A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1522.2 (3d ed. 1998) ("Indeed, to the extent that other federal rules, such as Rule 15 governing pleading amendments, contain a more lenient standard than good cause, the Rule 16(b) standard controls any decisions to alter a scheduling order for purposes of making pleading amendments and it must be satisfied before determining whether an amendment should be permitted under Rule 15."). Nevertheless, the court alternatively considers the Rule 15(a) factors below.

### B. Undue Delay and Prejudice

Boston Scientific moved to amend its complaint more than ten months after Edwards served its written discovery response on June 30, 2017 indicating that "Edwards Lifesciences Corporation does not make, use, offer to sell, or sell SAPIEN 3." (D.I. 444, Ex. 6 at 49) Boston Scientific offers no compelling explanation for why it waited nearly a year after service of the discovery responses to move for leave to amend. However, the law is well-established that delay alone is an insufficient reason to deny leave to amend, and must be coupled with undue prejudice

---

1984); *Leonard v. Stemtech Health Scis., Inc.*, 269 F.R.D. 427, 429 (D. Del. 2010); *Sturgess v. Negley*, 761 F. Supp. 1089, 1099-100 (D. Del. 1991); *Butcher & Singer, Inc. v. Kellam*, 105 F.R.D. 450, 453 (D. Del. 1984); *Advocat v. Nexus Indus., Inc.*, 497 F. Supp. 328, 332 (D. Del. 1980).

[3] The Federal Circuit reviews the district court's ruling on a motion to amend pleadings under the law of the regional circuit. *Aventis Pharma S.A. v. Hospira, Inc.*, 675 F.3d 1324, 1333 (Fed. Cir. 2012).

8

to the non-moving party if the amendment is permitted. *See Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001).

In evaluating the prejudice to the non-moving party, the court notes that Boston Scientific's proposed amendment amounts to an effort to conform the pleadings to the evidence already on the record regarding Edwards LLC's role as a manufacturer of the accused Sapien 3 product. *See Dole v. Arco Chem. Co.*, 921 F.2d 484, 487 (3d Cir. 1990). Edwards will not likely suffer undue prejudice as a result of Boston Scientific's proposed amended complaint because the proposed amendment will not "result in additional discovery, cost, and preparation to defend against new facts or new theories." *Cureton*, 252 F.3d at 273. Edwards LLC has been a party to the litigation since June 9, 2016, and is familiar with Boston Scientific's infringement contentions and the evidence relied upon by Boston Scientific to support those contentions. For these reasons, Edwards has not adequately shown that leave to amend should be denied under Rule 15(a).

## C. Futility

Edwards has not demonstrated that Boston Scientific's proposed amendment would be futile. First, Edwards alleges that the proposed amended complaint is futile in light of its summary judgment argument that Edwards Corp. does not make, use, or sell the patented technology. (D.I. 451 at 17-18) However, the sole purpose of the proposed amendment is to add Edwards LLC to the pleading. (D.I. 442, Ex. B) Edwards' argument challenging the sufficiency of the existing infringement claim against Edwards Corp. does not address the heart of the proposed amendment regarding the addition of Edwards LLC as a defendant.

Second, Edwards contends that the proposed amended complaint misidentifies "BSC [as] the exclusive licensee of the '608 patent," which it argues is factually incorrect in light of this

9

court's February 16, 2018 Report and Recommendation recommending dismissal of BSC's claims for lack of standing. (D.I. 451 at 19-20; D.I. 354 at 20-21) Again, the proposed amended complaint seeks only to add Edwards LLC as a defendant subject to Boston Scientific's allegations of infringement regarding the '608 patent. Edwards' futility challenge is not directed to the sufficiency of the allegations of infringement against Edwards LLC, and is instead directed to allegations set forth in the operative original complaint. Edwards cannot prevail on its futility challenge because Edwards has made no showing that Boston Scientific's proposed cause of action for infringement against Edwards LLC would be futile.

In sum, Boston Scientific's proposed amended complaint satisfies the lenient standard of Rule 15(a), but does not pass muster under the more stringent good cause standard of Rule 16(b). *See* 6A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1522.2 (3d ed. 1998) ("Indeed, to the extent that other federal rules, such as Rule 15 governing pleading amendments, contain a more lenient standard than good cause, the Rule 16(b) standard controls any decisions to alter a scheduling order for purposes of making pleading amendments and it must be satisfied before determining whether an amendment should be permitted under Rule 15."). For these reasons, Boston Scientific's motion to amend the complaint is denied.

## V. CONCLUSION

For the foregoing reasons, Boston Scientific's motion for leave to amend is denied. (D.I. 442) An Order consistent with this Memorandum Opinion shall issue.

Given that the court has relied upon material that technically remains under seal, the court is releasing this Memorandum Opinion under seal, pending review by the parties. In the unlikely event that the parties believe that certain material in this Memorandum Opinion should be redacted, the parties should jointly submit a proposed redacted version by no later than

**September 26, 2018**. The court will subsequently issue a publicly available version of its Memorandum Opinion.

This Memorandum Opinion is filed pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and D. Del. LR 72.1(a)(2). The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Memorandum Opinion. Fed. R. Civ. P. 72(a). The objections and responses to the objections are limited to ten (10) pages each.

The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated October 9, 2013, a copy of which is available on the court's website, www.ded.uscourts.gov.

Dated: September 19, 2018

_____
Sherry R. Fallon
UNITED STATES MAGISTRATE JUDGE