IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BOSTON SCIENTIFIC SCIMED, INC.,<br><br>Plaintiffs,<br>v.<br><br>EDWARDS LIFESCIENCES CORP.,<br><br>Defendant. | |
| EDWARDS LIFESCIENCES CORP., EDWARDS LIFESCIENCES PVT, INC., and EDWARDS LIFESCIENCES LLC,<br><br>Counterclaim and Third-Party Plaintiffs,<br><br>v.<br><br>BOSTON SCIENTIFIC CORP., BOSTON SCIENTIFIC SCIMED, INC., and SADRA MEDICAL, INC.,<br><br>Counterclaim and Third-Party Defendants. | C.A. No. 16-275-JFB-SRF<br><br>UNDER SEAL ~~unsealed~~ 11/19/18 |
| BOSTON SCIENTIFIC SCIMED, INC.,<br><br>Plaintiff,<br>v.<br><br>EDWARDS LIFESCIENCIES LLC,<br><br>Defendant. | C.A. No. 18-1535-JFB-SRF<br><br>UNDER SEAL ~~unsealed~~ 11/19/18 |

**MEMORANDUM ORDER**

At Wilmington this **9th** day of **November, 2018**, the court having considered the Motion to Consolidate Actions filed by Boston Scientific Scimed, Inc. ("Boston Scientific") (D.I. 471),[1]

---

[1] All citations to docket entries refer to the docket in Civil Action No. 16-275-JFB-SRF, unless otherwise noted.

IT IS HEREBY ORDERED THAT Boston Scientific's motion to consolidate is DENIED for the reasons set forth below:

1. **Background.** On April 19, 2016, Boston Scientific filed suit against Edwards (the "First Action"), alleging infringement of U.S. Patent No. 8,992,608 ("the '608 patent"). (D.I. 1) On June 9, 2016, Edwards Lifesciences Corporation ("Edwards Corp."), Edwards Lifesciences PVT, Inc., and Edwards Lifesciences LLC ("Edwards LLC") (collectively, "Edwards") filed an answer and counterclaims for noninfringement and invalidity of the '608 patent, and asserting claims for infringement of U.S. Patent Nos. 9,168,133, 9,339,383, and 7,510,575 (collectively, the "Spenser Patents"). (D.I. 10; D.I. 301) On August 1, 2016, Edwards Corp. served an interrogatory response identifying "Edwards Lifesciences LLC" as a company that manufactured the Sapien 3 product. (D.I. 443 at 5; D.I. 460 at 6)

2. Fact discovery in the First Action closed on June 30, 2017. (D.I. 153 at ¶ 1) Expert discovery was completed on December 1, 2017. (D.I. 34)

3. Briefing on the parties' summary judgment motions in the First Action was completed on April 2, 2018. (D.I. 407) There are currently seven motions for summary judgment pending before the court. (D.I. 302; D.I. 306; D.I. 307; D.I. 328; D.I. 335; D.I. 336; D.I. 337)

4. On May 17, 2018, Boston Scientific moved to amend the complaint to add Edwards LLC as a defendant in the First Action. (D.I. 442) On September 19, 2018, the court issued a Memorandum Opinion denying the motion to amend for failure to show good cause under Rule 16(b)(4). (D.I. 460) Specifically, the court found that Boston Scientific knew of its potential claim against Edwards LLC in June 2016, but did not seek to bring a claim against

Case 1:16-cv-00275-JFB-SRF   Document 498 *SEALED*   Filed 11/09/18   Page 3 of 8 PageID #: 37383

Edwards LLC until May 2018. (*Id.* at 5-6) Boston Scientific's objections to the Memorandum Opinion remain pending. (D.I. 468)

5.  On October 3, 2018, Boston Scientific filed a new action against Edwards LLC (the "Second Action"), alleging infringement of the '608 patent. (C.A. No. 18-1535, D.I. 1) According to Boston Scientific, the new action was necessitated by Edwards' failure to disclose the entity responsible for the manufacture and sale of the accused Sapien 3 device until the last day of fact discovery. (D.I. 472 at 3)

6.  A ten-day jury trial is scheduled to begin in the First Action on November 26, 2018. (D.I. 455)

7.  **Legal standard.** Pursuant to Federal Rule of Civil Procedure 42(a), courts have the authority to consolidate actions involving a common question of law or fact. Fed. R. Civ. P. 42(a); *see also Oracle Corp. v. epicRealm Licensing, L.P.*, C.A. No. 06-414-SLR, 2007 WL 901543, at *5 (D. Del. Mar. 26, 2007). While decisions to consolidate are discretionary, the court should "balance considerations of efficiency, expense, and fairness." *Resnik v. Woertz*, 774 F. Supp. 2d 614, 624 (D. Del. 2011) (citing *United States v. Dentsply Int'l, Inc.*, 190 F.R.D. 140, 142–43 (D. Del. 1999)). The court must weigh "the savings of time and effort gained through consolidation ... against the inconvenience, delay or expense that might result from simultaneous disposition of the separate actions." *Outten v. Wilmington Tr. Corp.*, 281 F.R.D. 193, 196–97 (D. Del. 2012) (citing *Waste Distillation Tech., Inc. v. Pan Am. Res., Inc.*, 775 F. Supp. 759, 761 (D. Del. 1991)).

8.  **Analysis.** In support of its motion, Boston Scientific contends that consolidation of the First and Second Actions is warranted because both actions were filed by Boston Scientific against an Edwards entity, both complaints assert identical questions of law and fact

regarding infringement of the '608 patent by Edwards' Sapien 3 product, Edwards' defenses and third-party claims and counterclaims will be the same in both actions, and there is no need for additional discovery in the new case. (D.I. 472 at 6-7) In response, Edwards alleges that Boston Scientific's motion is an impermissible attempt to circumvent the court's denial of its motion to amend the complaint. (D.I. 482 at 4-6) Moreover, Edwards argues that consolidation will result in delays to the trial schedule of the First Action because Edwards has yet to file its answer and counterclaims[2] or conduct discovery on Edwards LLC's alleged liability and damages in the Second Action. (*Id.* at 7-9)

9. Boston Scientific's motion to consolidate is denied. As a preliminary matter, courts within the Third Circuit discourage parties from filing a new action as an end run around a decision denying leave to amend the complaint:

> [T]he Third Circuit has strongly cautioned that a district court must "carefully insure[] that the plaintiff does not use the tactic of filing two substantially identical complaints to expand the procedural rights he would have otherwise enjoyed. In particular, the court must insure that the plaintiff does not use the incorrect procedure of filing duplicative complaints" for the purpose of circumventing the rules pertaining to the amendment of complaints.

See *Prewitt v. Walgreens Co.*, 2013 WL 6284166, at *5 (E.D. Pa. Dec. 2, 2013) (quoting *Walton v. Eaton Corp.*, 563 F.2d 66, 71 (3d Cir. 1977)). Boston Scientific openly concedes that it filed the Second Action to circumvent the court's denial of its motion to amend the complaint:

> Boston Scientific's objections to the Magistrate's memorandum opinion are currently pending before the Court. While that motion remains pending, to ensure its ability to litigate its infringement claims on the merits and proceed to trial in November 2018, Boston Scientific has filed a new complaint in Civil Action No. 18-1535-JFB-SRF (the "Second Action") reasserting against Edwards LLC the same allegations that it brought against Edwards Corp.

---

[2] Edwards represents that Edwards LLC intends to assert infringement counterclaims against Boston Scientific in the Second Action involving patents other than those asserted by Edwards LLC in the First Action. (D.I. 482 at 9)

4

(D.I. 472 at 1) In keeping with the policy considerations identified by the court in *Prewitt*, and in conjunction with the Rule 42(a) factors discussed at paragraphs 10-13, *infra*, the court concludes that consolidation is not appropriate in the instant case.

10. Consolidation of the First and Second Actions would not serve the interests of Rule 42(a) because the disparate stages of the proceedings would result in a delay of the trial in the First Action, undermining the policy goals of efficiency, expense, and fairness. *See Sygenta Seeds, Inc. v. Monsanto Co.*, C.A. No. 02-1331-SLR, 2004 WL 2002208, at *2 (D. Del. Aug. 27, 2004) (concluding that "consolidation of the two cases would be more burdensome than beneficial" where the first case was scheduled to go to trial in three months). "[P]roper judicial administration does not recommend consolidation where two actions are at such widely separate stages of preparation." *Liqui-Box Corp. v. Reid Valve Co., Inc.*, 1989 WL 431980, at *2 (W.D. Pa. Oct. 11, 1989) (quoting *Schacht v. Javits*, 53 F.R.D. 321, 325 (S.D.N.Y. 1971)).

11. Contrary to Boston Scientific's representations, the Second Action is not trial ready because Edwards LLC will not have an opportunity to file an answer to the complaint or counterclaims in the Second Action prior to the commencement of trial in the First Action. On October 25, 2018, Edwards LLC filed a motion to dismiss pursuant to Rule 12(b)(6) in the Second Action, which will not be fully briefed until mid-November 2018. (C.A. No. 18-1535-JFB-SRF, D.I. 9) The court will thereafter issue a Report and Recommendation on the pending motion, which will not become final until the expiration of the objections period and resolution of any pending objections. Edwards LLC will not have an opportunity to file an answer and counterclaims in the Second Action until after these events have occurred, months after the November 2018 trial date. Edwards LLC intends to assert infringement counterclaims against

Boston Scientific on patents not asserted in the First Action as part of its responsive pleading in the Second Action, which would necessitate additional discovery. (D.I. 482 at 9)

**12.** Additional discovery in the Second Action cannot be completed prior to the November 26, 2018 trial date in the First Action.[3] *See La Chemise Lacoste v. Alligator Co., Inc.*, 60 F.R.D. 164, 176 (D. Del. 1973) (denying consolidation where the first case had been pending for three years and was close to trial, and the second case was only recently instituted and discovery was needed). In addition to discovery on newly-asserted patents in Edwards LLC's anticipated counterclaims in the Second Action, more fact and expert discovery is needed to assess the liability and damages exposure of Edwards LLC because previous discovery in the First Action was focused on Edwards Corp.

**13.** Although the First and Second Actions involve overlapping parties, witnesses, and documents, consolidating the cases will not promote efficiency or reduce expense where, as here, the trial in the First Action would be postponed indefinitely and Edwards LLC seeks to add new patents to the case by way of its counterclaims in the Second Action. *See Syngenta*, 2004 WL 2002208, at *2 (denying consolidation where consolidation would complicate the proceedings, result in additional discovery, and delay trial). For these reasons, Boston

---

[3] Boston Scientific repeatedly asserts that the court found no prejudice to Edwards in the Memorandum Opinion denying the motion to amend and, consequently, there is no basis to conclude that the trial in the First Action will be delayed. (D.I. 471 at 9; D.I. 489 at 7) However, the court's decision on the motion to amend was based on Boston Scientific's failure to satisfy the good cause inquiry under Rule 16(b)(4). (D.I. 460 at 5-8) The good cause standard was also the primary focus of Edwards' briefing on the motion to amend, and Edwards correctly noted that the Rule 15(a) factors need not be reached if the Rule 16(b)(4) factors are not satisfied as a threshold matter. (D.I. 451 at 9-13) As a result, Edwards' answering brief on the motion to amend did not discuss in detail the nature of the additional discovery necessary to address the asserted claims as they pertain to Edwards LLC. (*Id.* at 14-16) Edwards has now identified with greater specificity the ways in which the discovery taken in the First Action does not adequately address the alleged liability and damages of Edwards LLC in the Second Action.

Scientific's motion to consolidate is denied in accordance with the discretionary factors under Rule 42(a).

**14.** Edwards' contention that dismissal of the Second Action is warranted under the doctrine of claim splitting and under Rule 13(a) is addressed in more detail in Edwards' motion to dismiss the Second Action. (C.A. No. 18-1535, D.I. 10 at 5-9) As implicitly acknowledged by Edwards in filing its motion to dismiss, these issues are more appropriately resolved in conjunction with that motion. Having concluded that Rule 42(a) provides a sufficient basis for denial of Boston Scientific's motion to consolidate, the court reserves consideration of arguments under Rule 13(a) and the doctrine of claim splitting for resolution of the motion to dismiss the Second Action.

**15. Conclusion.** For the foregoing reasons, Boston Scientific's motion to consolidate (D.I. 471) is denied.

**16.** Given that the court has relied upon material that technically remains under seal, the court is releasing this Memorandum Order under seal, pending review by the parties. In the unlikely event that the parties believe that certain material in this Memorandum Order should be redacted, the parties should jointly submit a proposed redacted version by no later than **November 16, 2018**. The court will subsequently issue a publicly available version of its Memorandum Order.

**17.** This Memorandum Order is filed pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and D. Del. LR 72.1(a)(2). The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Memorandum Order. Fed. R. Civ. P. 72(a). The objections and responses to the objections are limited to ten (10) pages each.

18.   The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated October 9, 2013, a copy of which is available on the court's website, www.ded.uscourts.gov.

Sherry R. Fallon
United States Magistrate Judge