IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BOSTON SCIENTIFIC SCIMED, INC., <br><br> Plaintiffs, <br><br> v. <br><br> EDWARDS LIFESCIENCES CORPORATION, <br><br> Defendant/Counter-Claimant. <br> _____ <br><br> EDWARDS LIFESCIENCES PVT, INC., EDWARDS LIFESCIENCES LLC, EDWARDS LIFESCIENCES CORPORATION, <br><br> Third-Party Plaintiffs, <br><br> v. <br><br> SADRA MEDICAL, INC., <br><br> Third-Party Defendant. | **C.A. NO. 16-275-JFB-SRF** <br><br> **MEMORANDUM AND ORDER** |

This matter is before the Court on the objections, D.I. 468, filed by plaintiff Boston Scientific SciMed, Inc. ("Boston") to the Memorandum Opinion and Order, (D.I. 460 and D.I. 461) denying Boston's request to amend its complaint by adding Edwards LLC as a defendant, D.I. 442.

The Magistrate Judge denied the motion, noting that "Boston Scientific's proposed amended complaint satisfies the lenient standard of Rule 15(a), but does not pass muster under the more stringent good cause standard of Rule 16(b)." (D.I. 460, Memorandum Opinion at 10). Boston Scientific objects, contending that defendant Edwards

Lifesciences PVT, Inc., ("Edwards") will suffer no prejudice. Alternatively, it asks the Court to consolidate the case with an action filed against Edwards in October 2018. (D.I. 474) Boston Scientific also moves for leave to submit a reply brief, D.I. 500, and that motion will be granted. The Court has considered Boston Scientific's reply.

The Supreme Court has construed the statutory grant of authority conferred on magistrate judges under 28 U.S.C. § 636 to mean that nondispositive pretrial matters are governed by § 636(b)(1)(A) and dispositive matters are covered by § 636(b)(1)(B). *Gomez v. United States*, 490 U.S. 858, 873-74 (1989); *see also* Fed. R. Civ. P. 72(a). The district judge must consider such objections and "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). A Magistrate Judge's order is contrary to law when the magistrate judge has misinterpreted or misapplied the applicable law. *See Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011). The Court reviews findings of fact for clear error and legal conclusions *de novo*. *Id.; see also Haines v. Liggett Group Inc.*, 975 F.2d 81, 91 (3d Cir. 1992) ("the phrase 'contrary to law' indicates plenary review as to matters of law").

The Court has conducted an appropriate review and finds no errors of fact or law. The Court has carefully reviewed the recitation of facts as set forth in the Magistrate Judge's Memorandum Opinion *See* D.I. 460 at 2-3. The Court agrees with the factual analysis of the Magistrate Judge and adopts her summary of the facts herein in their entirety. The Court finds the Magistrate Judge's factual findings are fully supported by the record. The Court also finds the Magistrate Judge accurately stated the law. The Court has considered Boston Scientific's arguments and finds them lacking in merit.

Further, the Magistrate Judge's analysis makes sense—it is late in the game to amend pleadings. Also, the Court has since denied Boston Scientific's motion to consolidate. (D.I. 471, Motion to Consolidate; D.I. 498, Memorandum Order). Accordingly, the Court finds Edwards's objections should be overruled.

Accordingly,

IT IS ORDERED THAT:

1. Boston Scientific's motion for leave to file a reply brief (D.I. 500) is granted.

2. Boston Scientific's objections (D.I. 468) to the Memorandum Opinion and Order of the Magistrate Judge (D.I. 460 and D.I. 461) are overruled.

Dated this 16th day of November, 2018.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge